INTERNATIONAL OCEAN WAY CORPORATION OF MONROVIA, Plaintiff,

v.

HYDE PARK NAVIGATION, LTD., Defendant.

No. 83 Civ. 0671.

United States District Court, S.D. New York.

Feb. 9, 1983.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiff; Phil-

ip Keith Yachmetz, New York City, of counsel.

Cichanowicz & Callan, New York City, for defendant; Michael J. Carcich, James M. Textor, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff obtained an attachment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims against funds deposited in an escrow account at Chemical Bank as security for defendant's claim against its sub-charterer, which claim is currently in arbitration in London. Plaintiff now moves for an order confirming the validity of its attachment. Defendant opposes plaintiff's motion and cross moves for dismissal of the complaint or, in the alternative, an order requiring plaintiff to post a bond and staying this action pending the outcome of a London arbitration of the same claim, which has already commenced.

Plaintiff's attachment is valid. The escrow account is tangible personalty deposited for the benefit of defendant, subject only to the arbitrator's finding regarding the exact amount owed to defendant by its sub-charterer.

Defendant contends that even if the escrow account is properly subject to attachment, the attachment procedure established by Rule B(1) is unconstitutional because it does not require pre-attachment notice and hearing. Rule B(1), however, must be read in conjunction with Admiralty Rule 13 of the Southern District, which provides:

> Where property is arrested or attached, any person claiming an interest in the property . . . may upon a showing of any improper practice or manifest want of equity on the part of the plaintiff be entitled to an order requiring the plaintiff to show cause *forthwith* why the arrest or attachment should not be vacated, or other relief granted consistent with these rules or the Supplemental Rules.

(Emphasis added.) Because the local rule affords any interested party an opportunity for a prompt post-attachment hearing before a judicial officer, it cures any constitu-

tional defects which may exist in Supplemental Rule B(1) on its face. *See Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 618, 94 S.Ct. 1895, 1905, 40 L.Ed.2d 406 (1974); *Polar Shipping Ltd. v. Oriental Shipping Corp.,* 680 F.2d 627, 640–41 (9th Cir.1982); *Anti Costi Shipping v. Golar Martins,* 1980 A.M.C. 2507, 2509–12 (S.D.N.Y.1979).

■ Although plaintiff's attachment is proper, the Court requires plaintiff to post a bond in the amount of $50,000 to secure defendant against any costs and damages, including reasonable attorneys fees, which defendant may sustain by reason of the attachment if defendant recovers judgment. *Cf.* N.Y. CPLR § 6212(b).

■ Defendant also seeks dismissal of the complaint on the ground that it fails to state the circumstances from which the claim arises with sufficient particularity pursuant to Supplemental Rule E(2). The complaint, which states that the parties entered into a charter party on February 22, 1980 during the performance of which plaintiff earned hire in the amount of $225,-000, which amount is now past due and although duly demanded has not been paid, is sufficient to enable the defendant to investigate the facts and frame a responsive pleading.

■ Finally, defendant's request for an order staying this action pending the London arbitration as per the terms of the charter party agreement is granted. *See* 9 U.S.C. § 3.

So ordered.